# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| SHARON LUCAS f/k/a SHARON MORRIS, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 2:07-CV-00862-MHT-CSC ) |
| LITTON LOAN SERVICING, et al., | ) ) |
| Defendants. | ) |

## LITTON LOAN SERVICING, L.P.'s ANSWER AND DEFENSES

Defendant Litton Loan Servicing, L.P. ("Litton") responds as follows to plaintiff's Complaint:

## ANSWER

1. Litton admits that on May 16, 2005, it was the servicer of plaintiff's loan. Litton denies that it was the mortgagor of the subject property at any point in time. Litton is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph one and, therefore, denies such allegations.

2. Litton admits that it obtained force-placed insurance on the subject property on May 16, 2005, due to plaintiff's failure to provide adequate and timely proof of insurance as required by the terms of the Note and Deed of Trust. Litton

932199.1

also admits that a premium of $749.00 was added to plaintiff's mortgage account on May 16, 2005, for the force-placed insurance. Litton denies that it received proper notification and proof of adequate insurance from the plaintiff or her agent prior to the insurance being force-placed. Litton is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph two and, therefore, denies such allegations.

3. Litton admits that Plaintiff reported the disaster loss to Litton on June 1, 2005.

4. Litton admits that on or about June 21, 2005, it received payment from Southwest Business Corporation ("Southwest") in the amount of $64,297.00, which was forwarded to plaintiff's Hazard Loss Suspense Account. Litton is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph four and, therefore, denies such allegations.

5. Litton admits that it received two checks endorsed by plaintiff totaling $65,000.00 in September of 2005. Litton is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph five and, therefore, denies such allegations.

6. Litton admits that it terminated plaintiff's force-placed insurance policy with Southwest once the plaintiff provided adequate proof of insurance. Due

to plaintiff's proof of insurance and the subsequent termination of the Southwest policy, Litton refunded the $62,497.00 received from Southwest Business Corporation, as well as the portion of the premium paid by plaintiff for the time period in which plaintiff provided proof of pre-existing coverage. Litton also admits that it applied the checks endorsed by plaintiff totaling $65,000.00 to plaintiff's mortgage account in September of 2005. Litton further admits that plaintiff's account was assessed interest for the months of July, August and September of 2005 pursuant to the terms of the Note and Deed of Trust due to plaintiff's failure to timely pay her monthly loan payment for those months. Litton is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph six and, therefore, denies such allegations.

7. Litton admits that it assessed plaintiff's mortgage account the premium amount of $749.49 in May of 2005 for the force-placed insurance pursuant to the terms of the Note and the Deed of Trust. Upon receipt of adequate proof of insurance, Litton refunded plaintiff's premium payment in the amount of $472.28, the portion of the premium paid by plaintiff for the time period in which plaintiff provided proof of pre-existing coverage. Litton is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph seven and, therefore, denies such allegations.

8.  Litton denies that it charged plaintiff a pre-payment penalty in the amount of $1,702.99. Litton is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph eight and, therefore, denies such allegations.

Litton denies all allegations asserted in plaintiff's Complaint within the Section beginning "WHEREFORE," including paragraphs 1, 2, 3 and 4 Furthermore, Litton denies that plaintiff is entitled to any relief from it in this matter whatsoever.

**LITTON DENIES EACH AND EVERY ALLEGATION IN PLAINTIFF'S COMPLAINT THAT IS NOT EXPRESSLY ADMITTED HEREIN AND DENIES THAT PLAINTIFF IS ENTITLED TO THE RELIEF REQUESTED.**

## DEFENSES

1.  The Complaint fails to state a claim against Litton upon which relief can be granted.

2.  The Complaint fails to provide a definite enough statement to place Litton on notice of the nature of the claims against it.

3.  Plaintiff's claims against Litton are barred by the applicable statutes of limitations.

4. Plaintiff's claims are barred because she sustained no compensable damages as a result of any action or conduct by Litton alleged in the complaint.

5. The losses complained of, if any, were not caused by any act, omission, or conduct of Litton.

6. Any purported damages allegedly suffered by plaintiff are the result of acts or omissions of third persons over whom Litton had neither control nor responsibility.

7. The plaintiff was contributorily negligent.

8. Any alleged damages sustained by plaintiff were, at least in part, caused by the actions of plaintiff herself or resulted from plaintiff's own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Litton.

9. Any recovery is barred, or must be reduced, by principles of laches, unclean hands, lack of standing, release, consent, acquiescence, ratification, waiver, and/or estoppel.

10. Any recovery is barred, or must be reduced, pursuant to the doctrine of *in pari delicto*.

11. Any recovery is barred pursuant to the doctrine of accord and satisfaction.

12. Any recovery for breach of contract is barred by plaintiff's prior material breach of contract.

13. Any recovery is barred, or must be reduced, as a proximate result of plaintiff's failure to mitigate any alleged damages.

14. Any recovery is barred, or must be reduced, because of superseding or intervening acts or causes.

15. Plaintiff's claims are barred by the doctrines of res judicata or collateral or judicial estoppel.

16. Litton pleads the defense of privilege and that it cannot be held liable for interference to a contract to which it is a party.

17. An award of mental anguish damages violates the United States Constitution and the Alabama Constitution in at least the following respects:

    A. Awarding mental anguish damages in this case violates the Due Process Clause of the Fourteenth Amendment and the Constitution of the State of Alabama as the standard for imposing them is vague, excessive, not rationally related to any legitimate governmental interest, not appropriate under the facts in this case, and cannot be constitutionally imposed;

    B. The provisions of law pursuant to which mental anguish damages are awarded, and which govern the right to recover mental anguish damages or the determination of mental anguish damages would cause Litton to be treated differently from other similarly situated persons and entities by subjecting Litton to liability beyond the actual loss, if any, caused by Litton's conduct, and to liability imposed on a standardless and unprincipled basis, as a result of which Litton would be denied the equal protection of the laws in violation of the Fourteenth Amendment of the United States Constitution,

deprived of its property without due process of law in violation of the Fifth and Fourteenth Amendment;

C. Awarding mental anguish damages in this case would violate the procedural safeguards provided to Litton under the Sixth Amendment to the Constitution of the United States in that mental anguish damages are penal in nature, and, consequently, Litton is entitled to the same procedural safeguards accorded to criminal defendants under the Constitution of the United States and under the Constitution of the State of Alabama;

D. Imposing mental anguish damages, which are penal in nature, against Litton and compelling Litton to testify and disclose potentially incriminating documents into evidence violates the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States;

E. Imposing mental anguish damages, which are penal in nature, against Litton and compelling Litton to disclose potentially incriminating documents into evidence violates the Constitution of the State of Alabama;

F. Imposing mental anguish damages, which are penal in nature, against Litton and placing a burden of proof on the Plaintiff which is less than "beyond a reasonable doubt" burden of proof required in criminal cases violates the rights guaranteed by the Constitution of the United States and the Constitution of the State of Alabama;

G. Imposing mental anguish damages in an excessive amount, under the circumstances of this case, and/or in excess of criminal fines which could be imposed for the same conduct, would be discriminatory, a deprivation of due process, and a violation of equal protection rights guaranteed by the Fourteenth Amendment to the Constitution of the United States and the Constitution of the State of Alabama;

H. Any mental anguish damages claimed by the Plaintiff violates the Excess Fine Clause of the Eighth Amendment to the United States Constitution; and

      I. Allowing a jury to impose mental anguish damages against Litton by using its own subjective judgment in setting the range of permissible punishments for each offense violates the Separation of Powers doctrine embodied by Article I, Section 1, Article II, Section 1, and Article III, Section 1 of the Constitution of the United States and the Constitution of the State of Alabama.

18.    Litton pleads recoupment and setoff.

19.    Litton pleads the defense of voluntary payment.

20.    Litton violated no duty owed to the plaintiff.

21.    Litton pleads that Plaintiff failed to provide notice to and opportunity for Litton to cure any breach of the mortgage agreement prior to filing suit in accordance with the terms of the Deed of Trust.

22.    Litton incorporates all defenses and affirmative defenses asserted by or available to other defendants in this action to the extent they would operate to bar or reduce any recovery against Litton.

23.    Litton reserves the right to assert additional affirmative defenses to the extent warranted by discovery and the factual developments in this case.

WHEREFORE, premises considered, Defendant Litton Loan Servicing, L.P. respectfully requests this Honorable Court to enter an order denying plaintiff's claims for relief and all claims which could have been asserted, awarding Litton attorneys' fees, costs, and expert witness fees incurred in defending against

plaintiff's claims, and granting such other and different relief as this Court deems just and necessary.

Respectfully submitted this 4th day of October, 2007.

s/ Lindsay S. Reese_____<br>
One of the Attorneys for Defendant<br>
Litton Loan Servicing

**OF COUNSEL:**

Gregory C. Cook (COO038)
A. Kelly Brennan (BRE028)
Lindsay S. Reese (REE061)
BALCH & BINGHAM, LLP
1710 Sixth Ave. North
P.O. Box 306
Birmingham, Alabama 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by electronic service by the filing of the foregoing with the CM/ECF system on this the 4th day of October, 2007, as well as the methods indicated below:

(Via Regular First Class Mail)
Mr. David E. Hampe
Attorney for Plaintiff
623 Frank Nelson Building
205 20th Street North, Suite 623
Birmingham, Alabama 35203

s/ Lindsay S. Reese_____<br>
Of Counsel

932199.1

9