## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| SHARON LUCAS, f/k/a SHARON MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07-CV-00862-MHT-CSC |
| | ) |
| LITTON LOAN SERVICING, et al., | ) |
| | ) |
| Defendants. | |

## JOINT REPORT OF PARTIES' PLANNING MEETING

Plaintiff Sharon Lucas f/k/a Sharon Morris ("Plaintiff") and Defendant Litton Loan Servicing, L.P. ("Litton") hereby submit the following report of their Planning Meeting.

**1.**     Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on October 18, 2007.  The meeting was attended by David E. Hampe for plaintiff and Gregory C. Cook and Lindsay S. Reese for defendant.

**2.**     Pre-Discovery Disclosures. The parties will exchange by November 1, 2007, the information required by Fed. R. Civ. P. 26(a)(1).

**3.**     Discovery Plan.  The parties jointly propose to the Court the following tentative discovery plan:

935603.1

Discovery will be needed on the following subject: Merits. Parties shall be entitled to seek discovery that goes to issues applying to plaintiff's claims and defendant's defenses including, but not limited to: Plaintiff's loan documents, plaintiff's correspondence with Litton, plaintiff's insurance history relating to the property made the basis of this lawsuit, and defendant's servicing of plaintiff's loan.

| | |
|---|---|
| November 1, 2007: | Initial Disclosures |
| December 17, 2007: | Deadline for plaintiff to move for leave to join additional parties or amend pleadings. |
| January 14, 2008: | Deadline for defendant to move for leave to join additional parties or amend pleadings. |
| June 27, 2008: | Plaintiff's Rule 26(a)(2) information must be provided on this date. |
| July 30, 2008: | Defendant to complete depositions of plaintiff's experts/affiants. |
| August 29, 2008: | Defendant's Rule 26(a)(2) information must be provided on this date. |
| September 30, 2008: | Plaintiff to complete depositions of defendant's experts/affiants. |
| October 10, 2008: | Deadline for any party to file a Motion for Summary Judgment. If any such motion is filed (whether on this or any other), the responding party shall have 14 days for a reply and the moving party shall have 7 days to file a rebuttal. |
| November 19, 2008: | All parties file witness and exhibit lists and any designation of deposition testimony. |

December 3, 2008:        All parties object to witness and exhibit lists and designated deposition testimony.

January 7, 2009:        All parties file motions in limine.

February 9, 2009:       Trial

**4.**    Additional Limitations on Discovery. The parties jointly propose to the Court the following additional limitations on discovery:

4.1    Maximum of 45 interrogatories by each party to any other party unless otherwise agreed to by the parties or upon leave of Court. [Responses due 30 days after service.]

4.2    Maximum of 45 requests for admission by each party to any other party unless otherwise agreed to by the parties or upon leave of Court. [Responses due 30 days after service.]

4.3    Maximum of 10 depositions by any party, unless otherwise agreed to by the parties or upon leave of Court.

4.4    Each deposition is limited to a maximum of 7 hours unless otherwise agreed to by the parties or upon leave of Court.

**5.**    Scheduling Order.  The parties do not request a conference with the Court before entry of a scheduling order.

**6.**    Settlement.  Settlement cannot be evaluated prior to September 30, 2008.

**7.**    Pre-Trial Conference.  The parties request a pre-trial conference in on January 12, 2009.

**8.**    The trial of this case is expected to take approximately 3 days.

**9.**    Electronically Stored Information ("ESI"): The parties agree that documents maintained in hard copy shall be made available for inspection by the

requesting party in hard copy. Documents maintained electronically may be produced in tiff format, with the image of each document bearing a Bates number and, the applicable confidentiality legend under the terms of any Protective Order. In circumstances where a document will not properly convert to tiff because of formatting issues (i.e., Excel worksheets), the producing party may elect to produce such documents electronically in their native format. For any such document produced in its native format, the producing party shall re-name the document file to include its Bates number and the appropriate confidentiality legend. A document produced in accordance with the above need not be produced in any other format. Notwithstanding the foregoing, either party may request that the other produce a particular document in its native format or in a format other than tiff (i.e., pdf or jpeg) upon showing that exceptional circumstances require the need for such production.

**10.** The parties consent to electronic service of documents and pleadings and agree that service occurs on the day electronically filed.

Respectfully submitted,

/s/ Lindsay S. Reese
One of the Attorneys for Defendant,
Litton Loan Servicing LP

**OF COUNSEL:**

Gregory C. Cook (COO038)
A. Kelly Brennan (BRE028)
Lindsay S. Reese (REE061)
BALCH & BINGHAM, LLP
1710 Sixth Ave. North
P.O. Box 306
Birmingham, Alabama  35201-0306
Telephone:  (205) 251-8100
Facsimile:  (205) 226-8798

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by electronic service by the filing of the foregoing with the CM/ECF system on this the 19th day of October, 2007.

David E. Hampe, Jr.
205 20th Street North
Suite 623
Birmingham, Alabama  35203
Telephone:  (205) 328-4263
Facsimile:  (205) 328-4267

s/ Lindsay S. Reese
Of Counsel