IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **SHARON MORRIS nka SHARON LUCAS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. **2:07-CV -00862-MHT-CSC** |
| ) | |
| **LITTON LOAN SERVICING**, a ) | |
| corporation; Fictitious Parties 1, 2 ) | |
| and 3, being those persons, firms, ) | |
| or corporations known as or doing ) | |
| business as Litton Loan Servicing; ) | |
| Fictitious Parties 4, 5, and 6, being ) | |
| the persons, firms, or corporations ) | |
| who are the principal of Litton Loan ) | |
| Servicing (hereafter called Litton) that ) | |
| holds the mortgage on the property ) | |
| of Sharon Morris; Fictitious Parties 7, ) | |
| 8, 9, and 10 being those persons, firms ) | |
| basis of this Complaint; Defendants 8, ) | |
| 9 and 10, those agents or servants of ) | |
| the entity know as Litton Loan ) | |
| Servicing that are responsible in any ) | |
| way for the injuries and damages ) | |
| complained of by the Plaintiff in this ) | |
| lawsuit; all of whose true names and ) | |
| legal identities are otherwise unknown ) | |
| but will be substituted by amendment ) | |
| when ascertained.  accident made ) | |
| the basis of the Complaint; ) | |
| Defendants 14, 15 and 16, being ) | |
| the persons who negligently ) | |
| entrusted to someone who ) | |
| negligently or wantonly assigned ) | |
| the vehicle to be driven by ) | |
| the Plaintiff on said occasion; ) | |
| all of whose true names and legal ) | |
| identities are otherwise unknown ) | |

| | |
|---|---|
| to the Plaintiff at this time, but will | ) |
| be added by amendment when | ) |
| ascertained. | ) |
| | ) |
| **Defendants.** | ) |

## AMENDED COMPLAINT

1.      On May 16, 2005, the home of the Plaintiff, located at 2334 County Road 18 West, Clanton, Alabama 35045, was destroyed by fire. At the time of the fire, the property was owned by the Plaintiff, and the property was mortgaged and/or serviced by Litton Loan Servicing (referred to hereafter as "Litton"), a mortgage servicing agent.

2.      On said date, the Plaintiff's home and contents were insured by American Modern Homes Insurance, which was obtained by the Plaintiff. Litton, the Defendant, also had obtained, on behalf of the Plaintiff, force-placed insurance on said property, and added the premiums for coverage to the Plaintiff's account with the mortgage company despite the fact Ms. Morris' agent had notified the Defendant mortgage company of her insurance coverage.

3.      After the fire destroyed the Plaintiff's home and contents, she notified the Defendant of the loss.

4.      Southwest Business Corp., an insurance company who provided forced-place insurance for the Plaintiff's home and contents, paid the Defendant its mortgage balance of approximately $64,297.00 on or about June 9, 2005. It also paid over $2,200.00 for living quarters after the fire to the Plaintiff.

5.      In August 2005, Plaintiff's fire insurance company paid her damages of $65,000.00 for the loss of her home, which she endorsed and sent to the mortgage company to satisfy the account. She was also paid for her contents that was ruined by the fire.

6.      Despite the fact that the Plaintiff had her own policy, in addition to the forced-placed insurance by the mortgage company, the Defendant refunded the money it had received from Southwest Business Corp., and applied the funds from Plaintiff's insurance proceeds to her mortgage account..

Since the Defendant elected to cancel the policy with its forced-placed coverage insurance, there was approximately ninety (90) days difference in the time of payment by Southwest Business Corp. till American Modern Home paid Litton. Although the mortgage company had use of the money from Southwest Business Corp. proceeds, it charged the Plaintiff and additional three (3) months interest on her mortgage balance. The money paid by the Plaintiff's fire insurance company did not adequately pay for the damage to her home and her contents. If the Defendant had not cancelled the policy with Southwest Business Corp., there would have been enough money to adequately make the Plaintiff whole. Plaintiff recognizes that she is not entitled to unjust enrichments from collecting on two (2) fire insurance policies, but part of the proceeds would have made her whole.

7.      The Defendant also charged Plaintiff $749.00 for additional insurance after the house had burned. This should not have been charged to the Plaintiff because the policy to Southwest Business Corp. had been cancelled by Defendant retroactively, and refunded the proceeds sent to Litton by Southwest Business Corp.

8.      The Plaintiff was obligated by the terms of the mortgage agreement, serviced by Litton, to pay for its destroyed security interest in the home of the Plaintiff, but Litton, in addition, charged the Plaintiff $1,702.99 for pre-payment penalty, to which it was not entitled under the mortgage agreement.  Litton continued to send statements for the pre-payment penalty, plus additional interest, and refused to satisfy the mortgage until the amount they claim was paid.  Each month the account grew.  Litton subsequently received $65,000.00 from American Home for the fire loss, but wrote the Plaintiff they had received $55,000.00.

9.      To date, the Plaintiff has not received a mortgage satisfaction although she has paid what was owed, and was sent by Litton a 1098 IRS Form Mortgage Interest Statement for 2005 showing a zero ($0.00) ending balance.

10.     The mobile home that burned, and the outer buildings, were destroyed by the fire, but since the mortgage has not been satisfied, the Plaintiff has not been able to raze or remove the mobile home and outbuildings, which are a real eyesore.

11.     The actions by Litton in the manner they have treated the Plaintiff is unconscionable, and rises to the level of bad faith on the part of Litton.

**WHEREFORE**, the Plaintiff claims damages under the following theories of law:

1.      Litton breached its duty by cancelling the insurance with Southwest Business Corp. and not giving Plaintiff the right to determine which policy she wanted cancelled.  By cancelling the forced-placed insurance, Litton chose to charge Plaintiff interest for ninety (90) days on its loan until it received the funds from her fire insurance company.  By cancelling the policy, the Plaintiff was not made whole for her loss.

2. The Defendant's negligently or wantonly charged the Plaintiff for insurance after the house burned rather than get a refund from the forced-place insurance company. The Defendant negligently or wantonly charged the Plaintiff a pre-pay penalty.

3. The Defendant tortiously interfered with the contracts that insured the Plaintiff's home by arbitrarily cancelling one of the fire insurance contracts without permission of the Plaintiff, or checking to see what her total loss was.

4. Without the unlawful or illegal charges to the Plaintiff's account by the Defendant, Litton, her mortgage would have been cancelled. Plaintiff seeks a judicial determination that the mortgage be declared paid, and that this Honorable Court will enjoin Litton from foreclosing on the property.

5. The Defendant negligently or wantonly failed to satisfy the Plaintiff's mortgage although the Plaintiff's account was paid in full.

6. As a result of the action by Litton, the Plaintiff has suffered mental anguish, emotional stress, and she has been monetarily damaged for which she claims damages in the amount to be set by a struck jury.

s/ David E. Hampe
David E. Hampe (HAM-007),
Attorney for Plaintiff
623 Frank Nelson Building
205 - 20th Street North
Birmingham, AL 35203
Ph. (205) 328-4263

**PLAINTIFF REQUESTS A STRUCK JURY**

                s/ David E. Hampe
                David E. Hampe

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing has been served upon the following by electronic service by the filing of the foregoing with the CM/ECF System on this the 13th day of December, 2007, as well as the methods indicated below:

(Via Regular, First Class Mail)
Gregory Cook, Esq.
Lindsey Reese, Esq.
P. O. Box 306
1710 6th Avenue North
Birmingham, AL 35201-0306

                s/ David E. Hampe
                David E. Hampe